Sorrell v. Sorrell's Farms and Ranches, Inc.

J. W. SORRELL, JR., EMPLOYEE-PLAINTIFF v. SORRELL'S FARMS AND RANCHES, INC., EMPLOYER-DEFENDANT, AND WAUSAU INSURANCE COMPANY, CARRIER-DEFENDANT

No. 8510IC614

(Filed 17 December 1985)

Master and Servant § 49.1— workers' compensation—injury to president of family corporation—employment status stipulated

The Industrial Commission did not err in an action for workers' compensation by the president of a family owned corporation by finding that Sorrell's Farms and Ranches, Inc. was a corporation engaged in farming, by failing to find that a partnership existed between plaintiff and his wife, and by finding and concluding that plaintiff was acting as an employee at the time of his injury. Defendant stipulated prior to the hearing that the employment relationship existed between plaintiff and defendant employer at the time of the injury; that stipulation made it unnecessary for plaintiff to offer evidence on the validity or legal status of the corporate employer and the Deputy Commissioner's findings on the issue were unnecessary.

APPEAL by defendants from the North Carolina Industrial Commission. Order entered 8 January 1985. Heard in the Court of Appeals 21 November 1985.

Following a hearing, the Deputy Commissioner entered an order which contains the following pertinent findings of fact and conclusions of law.

FINDINGS OF FACT

1. Prior to 1973 plaintiff engaged in extensive farming operations in Harnett County. He farmed on land owned by himself and land owned by his wife. In 1973 plaintiff and his wife formed a corporation entitled Sorrell's Farms & Ranches, Inc., which is the defendant employer. Plaintiff is the president of the defendant and his wife is the secretary. Since 1973 the defendant has operated the farms which were formerly operated by plaintiff individually.

2. In 1977 the defendant corporation purchased a store building as well as a house and some land at Hodges Cross Roads in Harnett County. The land on which the store and house were located was put in the name of plaintiff's wife. The defendant operated the store and rented the house with the proceeds of the rent and from the operation of the store

being received by the defendant employer. In 1978 a "Combination of Separate Entities" was filled out by some unidentified person. On 29 November 1981 an endorsement was added to the defendant employer's Workers' Compensation Insurance policy adding as additional insureds plaintiff and his wife as partners. No partnership ever existed between plaintiff and his wife and the endorsement for additional insureds had no effect.

3. Plaintiff as president of defendant employer would from time to time check on the store operated by such defendant at Hodges Cross Roads. Late on the night of 30 October 1982 plaintiff was at home and received a telephone call to the effect that he should check on the store. Plaintiff, therefore, went to the store at approximately 2:00 a.m. He entered the store and found everything in apparent good order. As he was leaving the store it blew up. Plaintiff was knocked to the ground with burning objects on top of him.

\*     \*     \*

The bare facts in this case appear to be that defendants admitted that defendant insurance carrier was on the risk for defendant employer and that plaintiff was an employee of defendant employer.

### Conclusions of Law

1. On 30 October 1982 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant employer.

*Bryan, Jones, Johnson & Snow, by James M. Johnson, for plaintiff-appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, by Martha W. Surles and Gregory C. York, for defendant-appellants.*

WELLS, Judge.

Defendants contend that the Commission erred in finding as a fact that Sorrell's Farms and Ranches, Inc. was a corporation engaged in farming. Defendants argue that the evidence showed that while plaintiff had obtained a corporate charter for Sorrell's Farms, there were no stockholders or directors and hence no cor-

poration by which defendant could have been employed at the time of his injury. Prior to the hearing, defendants stipulated that at the time of injury, the employment relationship existed between plaintiff and defendant employer. Such a stipulation is binding on defendants, *see Little v. Food Service*, 295 N.C. 527, 246 S.E. 2d 743 (1978); 2 Brandis, *N. C. Evidence* § 166 (2d rev. ed. 1982); and such a stipulation made it unnecessary for plaintiff to offer evidence of the validity or legal status of his corporate employer at the time of plaintiff's injury. The Deputy Commissioner's findings on this issue, while interesting, were unnecessary to the conclusion that at the time of injury, the employment relationship existed. Stipulations of this type are a widely accepted and useful means of avoiding the kind of evidentiary demands reflected in this case and the legal hair-splitting now resorted to by defendants on this question. This assignment is overruled.

Defendants also contend that the Commission erred in failing to find and conclude that a partnership existed between plaintiff and his wife in the operation of McLamb's Grocery, the store in which plaintiff was injured. This is but another way of challenging the employer-employee status of defendant employer and plaintiff, an issue we have resolved against defendants. This assignment is overruled.

Defendants also contend that the Commission erred in finding and concluding that plaintiff was acting as an employee of defendant Sorrell's Farms and Ranches, Inc. at the time of his injury. Again, this is but another challenge to the employer-employee relationship and this assignment is overruled.

Defendants' other arguments are redundant to the others we have discussed and they are rejected.

For the reasons stated, the award of the Commission is

Affirmed.

Judges ARNOLD and PARKER concur.